(No. 23008.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONEY SCHULLO, Plaintiff in Error.

*Opinion filed June 14, 1935.*

JOSEPH ORRICO, and LIBONATI, MUNIZZO & CEFFALIO, (ROLAND V. LIBONATI, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Toney Schullo was convicted by a jury in the criminal court of Cook county for robbery and sentenced to the penitentiary. He now prosecutes a writ of error.

Marie Campagna, a book-keeper and cashier for her father, Frank Campagna, a commission merchant, testified that about 1:30 P. M. on June 29, 1934, she left her father's store to make a deposit in a down-town bank. She had $190 in currency and upwards of $400 in checks belonging to her father. She carried the money and checks in an envelope in her hand and also her white leather purse containing about one dollar. While she was waiting for a Blue Island avenue street car two men stepped in front of her. One of them held her arms and the other seized the envelope and purse. Neither of the men said anything to her nor displayed any weapon. Both of them jumped into an automobile driven by a third party and fled north on Racine avenue. The men got into the car on the side opposite the driver. It came through a gasoline station from Racine avenue onto Blue Island avenue and while the robbery was in progress pulled up to the curb. Miss Campagna got a good look at the two men who robbed her, and she saw the man at the wheel of the automobile as he came through the gasoline station but testified that while she thought defendant was the man she was not sure of it.

At the time of the robbery police officer Carl J. Woodmaster was directing traffic at Fourteenth place and Racine avenue, a half-block south. Traffic was a little heavy at that time. He heard Miss Campagna scream and was informed there was a hold-up but did not see it. He jumped onto the running-board of a truck and followed the fleeing car north as far as Fourteenth street. There was some congestion of traffic ahead. Thinking the car would turn west into the first alley north of Fourteenth street, he drove west on Fourteenth street to Throop street, the first street west of Racine avenue, and then turned north to the alley. When the car turned west into the alley from Racine avenue he saw one of the men jump out and run. When he reached the alley from Fourteenth street defendant was driving and another man was with him. He held them up with his revolver and ordered them to surrender. Schullo said, "Don't shoot officer; I did not do anything." The other man jumped out of the car and ran. The officer shot at him but the man escaped. Defendant made no attempt to escape and was placed under arrest. The envelope containing the money and checks and the purse were on the seat beside him. The other men have not been apprehended.

Defendant testified he was an attendant at Storto's gasoline station at 726 South Racine avenue. He was not working on the day of the hold-up and was driving a two-door Ford belonging to his brother north on Blue Island avenue toward the three-way intersection at Racine avenue. The traffic was heavy and he was driving slowly. He was waiting for a street car, a couple of trucks and a wagon to go by. All of a sudden two fellows jumped in the car, stuck a gun up to him and told him to drive. One of them jumped in the back and one in the front. He was excited and did not know what to do. He turned off into the alley at their direction and just kept on going until he was stopped by the officer. The right-hand door of his car was jammed as a result of running into a truck

down the alley. He told the officer that he did not do anything and asked him not to shoot. He made no attempt to get away and said he was glad when the officer came. He did not know what it was all about. He did not know either of the men who jumped in his car and had never seen them before. He did not know of the hold-up and had nothing to do with it. He never saw Miss Campagna before, did not know the police officer was chasing him with the truck, and did not even see the package. He worked every day at the filling station except Mondays, which was his day off. He did not have two days off during the week of the hold-up. When he was confronted, on cross-examination, with the fact that the day of the hold-up was on Friday he had no explanation for that fact. He testified that the man who got into the back seat was the one who had the gun. He did not see a gun in the hands of the other man. The man who had the gun jumped out when the car turned from Racine avenue into the alley. He did not know whether or not the man who stayed in the car had a gun. He did not see any.

Samuel A. Campagna, brother of Marie Campagna, was called as a witness by defendant. He testified that he was accustomed to follow his sister, to guard her. On the day of the hold-up he was a little busy and did not get started until she was about a block away. When he got within about a half-block he saw two men rob her and get into a car that was parked there waiting for them. He saw the car pull through the gasoline station when the two men were behind his sister. It pulled through the gasoline station and backed up to the curb where the hold-up was in progress. The two men jumped into the car and it drove away. He could not identify any of the three men.

It is claimed that the conviction here rests wholly upon circumstantial evidence, that the defendant's story is plausible, and that on frequent occasions robbers do jump into cars and at the point of a gun force the driver to convey

them away from the scene of the crime. The well-established rule is, that before a conviction can properly be had upon circumstantial evidence, alone, the guilt of the accused must be so thoroughly established as to exclude any other reasonable hypothesis. (*People* v. *Campagna,* 240 Ill. 378; *Mooney* v. *People,* 111 id. 388.) The testimony of Miss Campagna and her brother shows that the car driven by defendant came through a gasoline station from Racine avenue onto Blue Island avenue, backed up to the curb where the hold-up was in progress, and the two robbers jumped into it and escaped. It also shows that the only one of the robbers shown to have been armed jumped out of the car when it turned into the alley. It is not shown that defendant was in any way threatened by the other man or that he had any reason to fear him. Notwithstanding this, he continued to drive down an alley a whole block until he was apprehended by an officer with a gun in his hand. The contention that he did not attempt to escape from the officer while the other two men were able to do so is of little weight. The officer was armed and in close proximity to him, and it is apparent that he did not wish to take a chance of being shot. It is a significant fact that at the time of his arrest he made no claim that he had been terrorized into driving his car by the actual robbers. He said his day off was Monday, yet the hold-up occurred on Friday. This discrepancy tends to discredit him. From a review of the whole record we are convinced that the verdict was not contrary to the weight of the evidence and that defendant's guilt was fully established by the evidence.

The court instructed the jury that "an accessory is he who stands by and aids, abets or assists, or who, not being present, aiding, abetting, or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime charged. He who thus aids, abets, assists, advises or encourages shall be considered as principal and punished ac-

cordingly." It is claimed that the instruction should have been limited to accessories before the fact. The evidence that defendant drove through the filling station and backed to the curb while the robbery was in progress tends to show that he actively participated in the crime by pre-arrangement. In *People* v. *Levy*, 351 Ill. 110, the same objection was made to a similar instruction. · It was there held that the instruction was proper. The giving of an instruction stating an abstract proposition of law is not error if it can be fairly applied to the facts in the case and is not misleading. *People* v. *Forte*, 269 Ill. 505; *People* v. *Fuller*, 238 id. 116.

The court did not err in refusing defendant's offered instruction that circumstantial evidence should be acted upon with caution. That test has been applied only to cases were proof of the *corpus delicti* was sought to be made by circumstantial evidence. *People* v. *Campagna, supra.*

A refused instruction told the jury that "where a conviction for a criminal offense is sought upon circumstantial evidence, either in part or whole, the People must show beyond a reasonable doubt that the alleged facts and circumstances are true and they must be such as are absolutely incompatible upon any reasonable hypothesis of innocence and incapable of explanation upon any reasonable hypothesis other than guilt of the accused." Circumstantial evidence may justify a conviction when it is considered with all the evidence in arriving at a verdict. (*People* v. *Doody*, 343 Ill. 194.) No error was committed in the refusal of this instruction.

The court also refused an instruction that "the mere fact that the defendant had in his possession property alleged to have been stolen, are merely facts or circumstances tending to show guilt, but they are not of themselves sufficient to prove that he committed the crime, and if the defendant has explained satisfactorily how he came into pos-

session of the alleged stolen property and from such explanation you believe that he did not participate in the crime and there is no other evidence against him connecting him with the crime, then it is your duty to return a verdict of not guilty." The instruction singles out defendant's possession of the stolen property and omits any other of the circumstances tending to show his guilt. Applied to circumstances where there was no evidence other than possession the instruction is not objectionable. There was much other evidence tending to connect him with the crime.

No substantial error appears in the record, and the judgment of the criminal court is affirmed.

*Judgment affirmed.*